**NOT FOR PUBLICATION**

In the
# United States Court of Appeals
For the Eleventh Circuit

No. 25-14097
Non-Argument Calendar

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BRITTANY HUDSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00362-MLB-RDC-1

Before JILL PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Brittany Hudson, a criminal defendant proceeding pro se, appeals from the district court's November 5, 2025, order dismissing the information without prejudice under the Speedy Trial Act.

We lack jurisdiction over Hudson's appeal because the district court's dismissal order is not final or otherwise appealable. *See Parr v. United States*, 351 U.S. 513, 516-20 (1956) (holding that an order dismissing an indictment was not final or otherwise appealable); *United States v. Kelley*, 849 F.2d 1395, 1397 & n.2 (11th Cir. 1988) (dismissing defendant's appeal from order granting her motion to dismiss indictment based on Speedy Trial Act violation that government conceded, where defendant contended that dismissal should have been "with prejudice" instead of without prejudice, as the government had argued). First, the order is not final because Hudson has not been convicted of or sentenced for the dismissed count. *See* 28 U.S.C. § 1291; *United States v. Gulledge*, 739 F.2d 572, 584 (11th Cir. 1984) (explaining that the final judgment rule applies in criminal cases); *Flanagan v. United States*, 465 U.S. 259, 263-64 (1984) (explaining that appellate review is generally prohibited in a criminal case until the defendant has been convicted and sentenced); *Parr*, 351 U.S. at 518; *Kelley*, 849 F.2d at 1397.

Second, the order is not appealable under the collateral order doctrine, as Hudson may effectively challenge the order on appeal from a subsequent conviction. *See United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017); *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985) (explaining that the doctrine applies to district court orders "affecting rights that will be irretrievably lost in the absence of an immediate appeal"); *Parr*, 351 U.S. at 518-20 (explaining that the dismissal order was a step toward a final disposition of the merits of the case and would merge with—and, thus, be reviewable with—the final judgment). In short, "a

criminal defendant may not immediately appeal when an indictment is dismissed without prejudice for a Speedy Trial Act violation," and an appeal "must await the defendant's subsequent conviction." *Kelley*, 849 F.2d at 1397 & n.2.

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction. All pending motions are DENIED as moot.